**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE: Edwin Milton Helquist, Jr. & Cathy Lou Helquist[1]**       Case No. 06-31174-DOT
     **And All Cases Referenced in Attached Exhibit A**
         Chapter 13 Debtors

**MEMORANDUM OPINION**

Hearing was held on July 18, 2007, on objections by the Office of the United States

Trustee, and by the chapter 7 trustee, Robert Hyman, to the Boleman Law Firm's supplemental

applications for compensation and expense reimbursement in the above case.  The chapter 7

trustee objects primarily to the number of copies made in the Helquist case only, and his

objection will be dealt with by separate opinion.  The objections raised by the U.S. Trustee were

also raised in a number of other cases, listed in Exhibit A, which have been taken under

advisement or upon which the issuance of orders has been deferred.  For the reasons set forth

below, the court will allow the expense reimbursement as voluntarily reduced in each case

presently before the court,[2] and modify compensation as appropriate on a case-by-case basis.

Orders will be entered in each individual case, but this opinion serves to summarize the court's

reasoning applicable to all of the expense reimbursement requests.  This opinion also provides

guidance for the preparation of future requests by the Boleman Law Firm.

United States Trustee Objection Applicable to All Cases

The objections raised by the U.S. Trustee focus on two areas of expense reimbursement:

credit report fees, and copying costs.  The first of these issues is straightforward.  After

---

[1] The court treats Helquist as the primary case because both the chapter 7 trustee and the U.S. Trustee objected to
counsel's fee application.  This opinion will be entered in each of the cases listed in Exhibit A.

reviewing the evidence presented by the Boleman Law Firm regarding the constantly changing

prices for credit reports, the court does not believe that the firm has been over-charging for this

service.  Accuracy and success in chapter 13 cases necessarily depends upon counsel obtaining a

complete and accurate picture of a debtor's financial situation.  Thus, credit reports are an

invaluable resource for conducting an effective reorganization plan.  Because of the nature of the

credit-reporting system, it is often necessary to obtain reports from each of the three major

providers, which may at times reflect different data.  From the testimony proffered at the hearing,

the firm routinely purchases credit reports for its clients.  The court understands from

uncontroverted proffered testimony that the $60 charge requested in some joint cases

corresponds to one $50 joint 2 in 1 credit report from Experian and Trans Union, plus two

individual $5 Equifax reports.  While these charges are not insubstantial, the court finds the

expense worthwhile in the successful management of an effective chapter 13 debt adjustment

case.

  For clarity in future applications, the court requests that the firm provide a sub-total

detailing which credit reports were requested and the charge for each.  The court also expects

that as the cost of credit reports changes, future applications will reflect the modified cost

accordingly.

  The copying cost objections present far more complex issues that merit further

consideration by the court.  The nature of the U.S. Trustee's objection is twofold: (1) the firm's

practice of copying 4 original sheets onto one double-sided piece of paper containing 2 reduced

size original images on each side, while charging the same amount as for 4 single-sided copies

on four sheets, amounts to an overcharge based on the firm's actual cost; (2) the base copying

---

[2] With the exception of the Helquist case, which is reduced for other reasons as noted in the separate opinion

charge of $.25 per original image printed, and even the voluntarily reduced $.125 per image,

does not represent the firm's actual cost.

The court finds the following regarding the firm's reduced size double-sided copying

practices.  There is no question that this practice is beneficial to all parties involved.  It clearly

reduces other costs to the estate, such as postage, and creates a more manageable document for

creditors and others such as the U.S. Trustee to review.  Nonetheless, the firm's current practice

of charging for each original image printed does not accurately reflect the firm's actual cost.

According to proffered testimony at the hearing, the firm is charged by its copy lessor for

printing on each side of a sheet of paper.  The firm is not charged per original image transferred

onto that side of paper, and the actual cost will be the same regardless of whether 2 reduced size

originals are printed on that side, or if 4, 8, or even 16 original images are printed on that side.

Therefore, when the firm counts 4 copies for a double-sided piece of paper with two original

images printed on each, the actual cost for the firm is determined by the 2 sides of the printed

paper only.

Based on this evidence, the allowable copying expenses in the future will be based on the

number of printed sides of paper.  In the applications currently under advisement there is no

denotation of the number of multi-sided printed pages with two images per side.  In order to

reduce the allowed charges, the court could require the firm to review each of the pending

applications and resubmit revised requests based on the total number of printed sides.  This is

unnecessary, and the court believes the expense of this inquiry would outweigh its benefit.

Therefore, *for purposes of the pending cases only*, the court will allow reimbursement based on

the number of original images rather than the number of printed sides.  For all future

---

applicable only to that case.

3

applications, the court will require reimbursement requests to detail the number of printed sides

of paper rather than original images printed, and expenses will be allowed accordingly.

The Boleman Law Firm has provided no cost evidence to support its request for $.125 per

page.  While the court provided a framework for the firm to provide this evidence, and requested

information on lease per-page pricing and other relevant factors, none of this evidence was

presented at the hearing.  While the court agrees that there are a number of components to the

cost of a single copy, the court disagrees with the statement that it would require a forensic

accountant to determine this cost.  Further, the court believes that some cost components alluded

to at the hearing—pro rata rent for office space occupied by copy machines, pro rata

heating/cooling expenses, etc.—are more properly allocated to the firm's overhead.  The court

requested information on the most significant cost components—lease expense per page,

maintenance costs, toner costs, paper costs, employee time spent copying—and the firm

produced no evidence of any of these amounts to support their request for reimbursement.  The

court received no statements of charges under copier leases, no receipts from raw materials

purchases, and no clarification on whether the firm counts paralegal copying time as separately

billed compensable time or merely a component of the copying expense.  All the court received

was the firm's argument that $0.25 was to be allowed because it has been the local standard for

some time, and it would be unfair for the firm to bear the burden of demonstrating that $0.25

represented its actual cost.  Given the firm's failure to present any evidence to the contrary, the

court must conclude that the firm's actual cost does not approach $0.25 per page.  Further, it

appears that the lack of evidence supports a finding that the cost does not even approach half that

amount, $0.125 per page.  While the firm argues that other applicants receive $0.25 per copy

without objection, this does not excuse the Boleman Law Firm's failure to follow the court's

4

request to provide evidence to substantiate the basis for *reimbursement of actual expenses*

*incurred in these cases*.

The court is thus left in a quandary whereby the evidence has not demonstrated the

amount of *any actual expense* for copies in these cases. There are several strategic reasons for

not submitting this evidence. First, the firm does not appear to believe that it is fair to require

only the Boleman Law Firm to provide this evidence, when the amount requested has been

allowed as a standard amount for some time. This has led the firm to balk at bearing the expense

of providing evidence supporting its own actual expenses. Second, the firm would prefer that the

review of permissible copying expenses be conducted on a bar-wide level, a procedure in which

it states it will be a willing participant. The court is confused as to why it is worthwhile for the

firm to collaborate bar-wide to support a revised "standard" allowable copy expense, but it is not

worthwhile for the firm to provide specific evidence in support of its own expense

reimbursement claims. It appears that the firm is willing to sacrifice its entire expense

reimbursement in these cases—by providing no supporting evidence—merely to avoid being the

first party to produce the apparently inevitable evidence that the standard $0.25 no longer

accurately represents actual cost per copy in this district. While this approach is understandable,

it is not clear that it should be rewarded by allowance of an unsupported request for expense

reimbursement.

Nonetheless, in order to resolve the issue of copy costs without further litigation, the

court will allow the expense reimbursement as requested in these applications only, as

voluntarily reduced to $0.125 per original image.

The United States Bankruptcy Court for the Eastern District of Virginia remains in the

process of revising the standard allowed per copy expense. In light of the anticipated revisions,

future applications for reimbursement of expenses filed by the Boleman Law Firm will be

reviewed under the following criteria, until modified by further action district-wide.  First, the

total number of copies must be calculated by the total number of printed sides of paper.

Therefore, a double-sided paper with any number of original images printed on each side counts

only as two printed pages.  Second, the court will not deny copy reimbursement requested at a

rate of $0.15 per printed side.  Thus, a single sided copy will be reimbursed at $0.15, and a

double-sided copy will be reimbursed at $0.30.  Although the $0.15 allowance per page is

actually greater than the $0.125 allowed in these pending applications, the proper counting of

pages will offset that increase and will slightly reduce the expense reimbursement awarded in

future cases.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.


SIGNED:  Aug 10 2007



 /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:   Aug 10 2007

Exhibit A

| Case No. | Case Name | Compensation Req. | Expense Balance Req. |
|---|---|---|---|
| 05-32561 | Lillian Rosetta Evans | $ 1,600.00 | $ 264.41 |
| 05-35517 | Elenora J. Robinson | $ 1,400.00 | $ 37.44 |
| 05-35643 | Paul Rufus Ellis and Georgia Birchett Ellis | $ 1,676.25 | $ 34.41 |
| 05-36030 | Sheila Anderson Pryor | $ 762.75 | $ (58.31) |
| 05-36243 | James Craig Roberson | $ 1,277.10 | $ 60.59 |
| 05-36360 | John Jerry Oliver and Linda Faye Sprouse Oliver | $ 2,200.00 | $ 247.76 |
| 05-36558 | Wayne Rydell Stone | $ 2,100.00 | $ 280.21 |
| 05-36757 | Earl Thomas Shands and Phyllis Ann Shands | $ 1,027.35 | $ 123.37 |
| 05-36797 | Charles Jennings and Linda Banks Jennings | $ 1,300.00 | $ 66.11 |
| 05-36964 | Tommy Edward Jackson and Gale D. Jackson | $ 1,900.00 | $ (59.07) |
| 05-37116 | James Edward Marshall, IV | $ 682.15 | $ (82.15) |
| 05-37183 | Tammie Marie Braxton | $ 1,312.40 | $ (62.40) |
| 05-37733 | Marlyce Elizabeth Beechaum | $ 1,412.10 | $ 70.65 |
| 05-38798 | Freddie Dabney and Mary Alice Dabney | $ 1,200.00 | $ 274.47 |
| 05-39101 | Charles Wilbur Dunsmore and Judy Faye Robertson | $ 1,400.00 | $ 685.90 |
| 05-39281 | Anna Stanley Ebron | $ 600.75 | $ (131.36) |
| 05-39395 | Joseph Peter Guidry | $ 600.00 | $ 75.37 |
| 05-39475 | Michael Odell Williams and Arnita Daniel Williams | $ 1,000.00 | $ (69.83) |
| 05-39692 | Christine Clendenin | $ 1,500.00 | $ (115.47) |
| 05-40028 | Josephine D. Fitchett | $ 1,295.10 | $ 134.31 |
| 05-41379 | Terry Elaine Pettiford | $ 1,950.00 | $ 54.83 |
| 05-41535 | Ditza Nory Rodriguez-Basco | $ 1,600.00 | $ 101.06 |
| 06-30075 | Morris Bryant Beard and Shirley Ann Beard | $ - | $ 599.69 |
| 06-30154 | Tyrone Edward Branch and Nancy Sue Branch | $ - | $ 698.67 |
| 06-30237 | Richard Clark and Vicki Petrice Clark | $ - | $ 597.84 |
| 06-30483 | Kevin Brackett and Jacqueline Ellis Brackett | $ - | $ 715.20 |
| 06-30496 | Herbert Lee Wynn and Juanita Lynn Wynn | $ - | $ 968.59 |
| 06-30635 | Maceo Jerome Venable and Sheryl D. Venable | $ - | $ 521.92 |
| 06-30652 | Robert Allen Wagner and Deborah Jean Wagner | $ - | $ 553.39 |
| 06-30987 | Inez Farrar | $ - | $ 672.11 |
| 06-31115 | Dewayne Lee Coates and Leslie Karin Coates | $ - | $ 257.75 |
| 06-31174 | Edwin Milton Helquist and Cathy Lou Helquist | $ - | $ 1,193.57 |
| 06-31333 | Douglas Winston Ashworth and Stacey Lynn Ashworth | $ - | $ 733.78 |
| 06-31356 | Carolyn Delores Coleman | $ - | $ 639.85 |

Exhibit A

| Under $500 expense cases, no hearings held but entry of order deferred pending result in cases TUA | | | |
|---|---|---|---|
| Case No. | Case Name | Compensation req. | Expense Balance Req. |
| 05-36662 | Tara Annette Maitland | $ 460.80 | $ 38.95 |
| 06-30049 | Michelle Bibbens Thompson | $ - | $ 382.08 |
| 06-30056 | William James Anderson and Rena Cosby Anderson | $ - | $ 268.45 |
| 06-30076 | Brian William Ryan and Beverly Ann Ryan | $ - | $ 374.60 |
| 06-30090 | Paul Carter and Rita Wilkins Carter | $ - | $ 220.38 |
| 06-30123 | Lynda Ann Bonner | $ - | $ 212.19 |
| 06-30176 | Reuben Nathaniel Branch and Imogene Gibbon Branch | $ - | $ 199.29 |
| 06-30178 | Shelia Willieann Pryor | $ - | $ 491.07 |
| 06-30197 | Cassandra Lee Farrar | $ - | $ 454.24 |
| 06-30316 | Zorana Giselle Fox | $ - | $ 309.31 |
| 06-30361 | Joel Percival Modeste and Elizabeth Modeste | $ - | $ 450.39 |
| 06-30452 | Clint Dwayne Wilkerson and Lisa Michelle Wilkerson | $ - | $ 306.52 |
| 06-30479 | Brandon Quanah Woodard and Caryn Johnson Woodard | $ - | $ 355.49 |
| 06-30539 | Edward LaVince Roberts and Yvonne Maxine Roberts | $ - | $ 310.34 |
| 06-30546 | Jason Hassan Johnson and Sara Averette Johnson | $ - | $ 246.28 |
| 06-30565 | Joseph Berkley Claiborne and Movita Claiborne | $ - | $ 436.86 |
| 06-30575 | William Saunders | $ - | $ 302.77 |
| 06-30642 | Josette Denise Cole | $ - | $ 181.39 |
| 06-30725 | Karen Andrea Peace | $ - | $ 310.62 |
| 06-30748 | Sharonda Latesha Alexander | $ - | $ 194.85 |
| 06-30840 | Marshall Jerome Woody and Brenda Gillus Woody | $ - | $ 201.04 |
| 06-30858 | Shawn Burrell Richards and Susan Denielle Richards | $ - | $ 323.75 |
| 06-30894 | Chea L. Brown and Natasha D. Brown | $ - | $ 219.47 |
| 06-30965 | Cleve William Cave and Landa June Cave | $ - | $ 220.16 |
| 06-31013 | Wendy Carter Bangs | $ - | $ 206.28 |
| 06-31038 | Kimberley Coleman | $ - | $ 174.31 |
| 06-31124 | Heidi Roslyn Styles | $ - | $ 157.24 |
| 06-31229 | James Alan Lemons and Nola Gaye Lemons | $ - | $ 366.12 |
| 06-31330 | Ronise LaShae Ewing | $ - | $ 202.35 |
| 06-31372 | Everette Calvin Johnson | $ - | $ 195.16 |
| 06-31391 | Pamela Arlette Jenkins-Jackson | $ - | $ 321.59 |